## UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO.:    3:06-cv-984-J-16MMH

**ROBERT TRAMMELL**,
          Plaintiff,

vs.

**THE CITY OF JACKSONVILLE BEACH, FLORIDA,**
**BRUCE A. THOMASON**, in his official capacity as the Chief of
Police of the Jacksonville Beach Police Department,
Jacksonville Beach, Duval County, Florida, and
**RICHARD KEITH DOROUGH**, individually,
          Defendants.

_____

## AMENDED COMPLAINT

Pursuant to Rule 15(a), *Federal Rules of Civil Procedure*, the Plaintiff, **ROBERT**

**TRAMMELL**, files this *Amended Complaint* and sues the  Defendants,  **THE CITY OF**

**JACKSONVILLE BEACH, FLORIDA** (hereinafter "**THE CITY**"), **BRUCE A.**

**THOMASON** (hereinafter "**THOMASON**"), in his official capacity as the Chief of Police of

the Jacksonville Beach Police Department, Jacksonville Beach, Duval County, Florida, and

**RICHARD KEITH DOROUGH** (hereinafter "**DOROUGH**") individually, and the Plaintiff,

**ROBERT TRAMMELL**, alleges the following:

## PARTIES AND JURISDICTION

1.      This is an action for damages that exceed $15,000.00, exclusive of attorney's fees,

costs, and interest.

2.      This is an action that arises out of rights secured by §§ 767.01 and 767.04,

*Florida Statutes*; the "common law" of the State of Florida; 42 U.S.C. §§ 1983 and 1988; and the

Fourth and Fourteenth Amendments to the *United States Constitution*.

3.      At all times material hereto, the Plaintiff, **ROBERT TRAMMELL**, was and is a resident of St. Augustine, St. Johns County, Florida.

4.      At all times material hereto, **THOMASON** was the duly elected and acting Chief of Police of the Jacksonville Beach Police Department for **THE CITY**, acting under color of state law, to-wit:  the statutes, ordinances, regulations, policies, practices, orders, and customs of the Jacksonville Beach Police Department, **THE CITY,** the State of Florida, or the United States of America.

5.      At all times material hereto, **DOROUGH** was acting in his official capacity as a police officer, employee, or agent of the Jacksonville Beach Police Department, acting under color of state law, to-wit:  the statutes, ordinances, regulations, policies, orders and customs of the Jacksonville Beach Police Department, **THE CITY,** the State of Florida, or the United States of America.

6.      At all time material hereto, the dog known as "Yacco" was owned by **THE CITY** and used as a police dog or "K-9" by the Jacksonville Beach Police Department.

7.      At all times material hereto, the Jacksonville Beach Police Department was and is an agency or subdivision of **THE CITY,** and **THE CITY** holds liability for the actions of the Jacksonville Beach Police Department, its officers, employees or agents.

8.      At all times material hereto, **THE CITY** was and is a political subdivision of the State of Florida located in Duval County, Florida, organized and existing under the laws of the State of Florida.

9.      The Plaintiff has satisfied all conditions precedent to the filing of this action.

10.     Venue for this action is proper in Duval County, Florida as Duval County is the site where the subject incident occurred.

## GENERAL ALLEGATIONS

11.     On or about the evening of July 11, 2003, the Plaintiff, **ROBERT TRAMMELL**, was an invited guest of Henry Cooper at Mr. Cooper's residence located at 642 Aquatic Drive, Atlantic Beach, Duval County, Florida.  The Plaintiff, **ROBERT TRAMMELL**, is a Caucasian male who was then 57 years of age.

12.     On or about that same date, at approximately 9:00 p.m., one or more members of the Atlantic Beach Police Department were dispatched to 810 Cavalla Road, Atlantic Beach, Duval County, Florida, in reference to a burglary.  Upon arriving at this address, one or more members of the Atlantic Beach Police Department were apparently told that Robert D. Dillard was the person suspected of having committed the alleged burglary, and that he had fled the scene.  Mr. Dillard is an African-American male who was then 23 years of age.

13.     Thereafter, one or more members of the Atlantic Beach Police Department requested assistance in locating Mr. Dillard from an air (helicopter) unit of the Jacksonville Sheriff's Office, and a K-9 (police dog) unit from the Jacksonville Beach Police Department.

14.     **DOROUGH,** a police officer, employee, or agent of the Jacksonville Beach Police Department, who was employed as a K-9 officer, responded to the request for assistance with a police dog named "Yacco."   Upon meeting with the aforesaid member or members of the Atlantic Beach Police Department, **DOROUGH** and "Yacco" immediately began to attempt to track Mr. Dillard, starting at the 300 block of Skate Road where Mr. Dillard was reported to have been seen last.

15.     After leading **DOROUGH** several blocks, "Yacco" tracked down a ditch behind a fence line in the 600 block of Aquatic Drive in Atlantic Beach.

16.     At approximately the same time, the Plaintiff, **ROBERT TRAMMELL,** was in on the back porch or in the back yard of Mr. Cooper's home at 642 Aquatic Drive in Atlantic Beach.  When Mr. Cooper went inside his house to use the restroom, the Plaintiff, **ROBERT TRAMMELL**, stood in Mr. Cooper's back yard, which was enclosed by a wooden privacy fence.

17.     At that moment, **DOROUGH** caused an opening to be made in the gate surrounding Mr. Cooper's back yard, and he released "Yacco" into the back yard.  "Yacco" then knocked down and bit the Plaintiff, **ROBERT TRAMMELL**, about his body, head, or neck, causing him serious bodily injury.

18.     At no time before "Yacco" was released into Mr. Cooper's back yard did the Plaintiff, **ROBERT TRAMMELL**, appear to be a threat to himself, to any law enforcement officers, to any other persons, or to the property of any other persons.

19.     At no time before "Yacco" was released into Mr. Cooper's back yard did **DOROUGH** have legal cause to himself enter the back yard or to cause the police dog "Yacco" to enter the back yard.

20.     Only after Mr. Cooper came out of his house and demanded that **DOROUGH** make the police dog release his the Plaintiff, **ROBERT TRAMMELL,** did **DOROUGH** give "Yacco" the signal to release.  By that time, "Yacco" had already caused serious bodily injury to the Plaintiff, **ROBERT TRAMMELL.**

### COUNT I – THE CITY OF JACKSONVILLE BEACH, FLORIDA

### F.S. § 767.01 STRICT LIABILITY

21.     The Plaintiff, **ROBERT TRAMMELL**, re-alleges Paragraphs 1 through 20.

22.     At all times material hereto, the police dog, "Yacco," was owned by **THE CITY**.

4

23.     At all times material hereto, the police dog, "Yacco," was in the custody and control of **THE CITY**; specifically, "Yacco" was being handled or controlled by **DOROUGH** in the course and scope of **DOROUGH**'s employment by **THE CITY** as a police officer, employee, or agent of the Jacksonville Beach Police Department.

24.     As a result of being knocked down and bitten about his body, head, or neck by the police dog, "Yacco," the Plaintiff, **ROBERT TRAMMELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.   These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

WHEREFORE, pursuant to Section 767.01, *Florida Statutes*, the Plaintiff, **ROBERT TRAMMELL,** demands judgment for damages against the Defendant, **THE CITY OF JACKSONVILLE BEACH, FLORIDA,** together with the costs of this action, and respectfully demands a trial by jury on all issues so triable.

## COUNT II – THE CITY OF JACKSONVILLE BEACH, FLORIDA

## F.S. § 767.04 STRICT LIABILITY

25.     The Plaintiff, **ROBERT TRAMMELL**, re-alleges Paragraphs 1 through 20.

26.     At all times material hereto, the police dog, "Yacco," was owned by **THE CITY**.

27.     At all times material hereto, the police dog, "Yacco," was in the custody and control of **THE CITY**; specifically, "Yacco" was being handled or controlled by **DOROUGH** in the course and scope of **DOROUGH**'s employment by **THE CITY** as a police officer, employee, or agent with the Jacksonville Beach Police Department.

28.     As a result of being knocked down and bitten about his body, head, or neck by the police dog, "Yacco," the Plaintiff, **ROBERT TRAMMELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.   These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

WHEREFORE, pursuant to Section 767.04, *Florida Statutes*, the Plaintiff, **ROBERT TRAMMELL,** demands judgment for damages against the Defendant, **THE CITY OF JACKSONVILLE BEACH, FLORIDA,** together with the costs of this action, and respectfully demands a trial by jury on all issues so triable.

## COUNT III - THE CITY OF JACKSONVILLE BEACH, FLORIDA
## NEGLIGENCE

29.     The Plaintiff, **ROBERT TRAMMELL**, re-alleges Paragraphs 1 through 20.

30.     At all time material hereto, **THE CITY**, had a legal duty to the public in general, and to the Plaintiff, **ROBERT TRAMMELL**, in particular, to use the police dog "Yacco" in a reasonably safe manner, balancing **THE CITY's** need to locate and apprehend persons suspected of committing certain crimes with the public's (and, thus, the Plaintiff, **ROBERT TRAMMELL's**) need for and right to physical safety.

31.     **THE CITY**, through the actions of **DOROUGH,** or other police officers, employees, or agents of the Jacksonville Beach Police Department, acting in the course and scope of their employment by **THE CITY**, breached its duty to the Plaintiff, **ROBERT TRAMMELL**, by the following:

6

a.      Failing to use reasonable care to ensure that the police dog "Yacco" was in fact tracking the suspect, Robert D. Dillard;

b.      Failing to warn any persons who may have been at Mr. Cooper's home at 642 Aquatic Drive, Atlantic Beach, Duval County, Florida, of the presence of the police dog "Yacco";

c.      Failing to ascertain whether the person in Mr. Cooper's backyard was in fact the suspect, Robert D. Dillard, a 23-year-old African American, rather than the Plaintiff, **ROBERT TRAMMELL**, a 51-year-old Caucasian, before the police dog "Yacco" was sent in Mr. Cooper's backyard;

d.      Releasing the police dog "Yacco" into Mr. Cooper's backyard without first ascertaining that it was reasonably safe to do so such that only the suspect, Robert D. Dillard, would potentially come into direct contact with "Yacco."

e.      Releasing the police dog "Yacco" into Mr. Cooper's backyard without first having a legal right or basis to enter the backyard;

f.      Failing to exercise reasonable control over the police dog "Yacco" after it was released into Mr. Cooper's backyard;

g.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" was in contact with someone other than the suspect, Robert D. Dilllard;

h.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" had subdued the person with whom it had made contact;

7

i.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" caused or was causing severe injury to the person with whom it had made contact;

j.      Failing to promptly call emergency rescue services when it was known or should have been known that the police dog "Yacco" caused or was causing severe injury requiring emergency medical care to the person with whom "Yacco" had made contact;

k.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the use of a police dog to track a person suspected of committing certain crimes;

l.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the deployment of a police dog to apprehend a person suspected of committing certain crimes;

m.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the withdrawal of a police dog who has apprehended and subdued a person suspected of committing certain crimes;

n.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the withdrawal of a police dog who has caused or is causing severe injury to the person with whom the dog has come into contact;

o.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for promptly calling emergency rescue services when a police dog has caused or is causing severe injury requiring emergency medical care to the person with whom it has made contact;

       p.     Failing to adopt reasonable and appropriate procedures, guidelines, or orders for the use of a police dog to track a person suspected of committing certain crimes;

       q.     Failing to adopt reasonable and appropriate procedures, guidelines, or orders for the deployment of a police dog to apprehend a person suspected of committing certain crimes;

       r.     Failing to adopt reasonable and appropriate procedures, guidelines, or orders for the withdrawal of a police dog that has apprehended and subdued a person suspected of committing certain crimes;

       s.     Failing to adopt reasonable and appropriate procedures, guidelines, or orders for the withdrawal of a police dog that has caused or is causing severe injury to the person with whom the dog has come into contact;

       t.     Failing to adopt reasonable and appropriate procedures, guidelines, or orders for promptly calling emergency rescue services when a police dog has caused or is causing severe injury requiring emergency medical care to the person with whom it has made contact;

       u.     Failing to follow reasonable and appropriate procedures, guidelines, or orders for the use of a police dog to track a person suspected of committing certain crimes;

       v.     Failing to follow reasonable and appropriate procedures, guidelines, or orders for the deployment of a police dog to apprehend a person suspected of committing certain crimes;

w.      Failing to follow reasonable and appropriate procedures, guidelines, or orders for the withdrawal of a police dog that has apprehended and subdued a person suspected of committing certain crimes;

x.      Failing to follow reasonable and appropriate procedures, guidelines, or orders for the withdrawal of a police dog that has caused or is causing severe injury to the person with whom the dog has come into contact;

y.      Failing to follow reasonable and appropriate procedures, guidelines, or orders for promptly calling emergency rescue services when a police dog has caused or is causing severe injury requiring emergency medical care to the person with whom it has made contact;

z.      Failing to reasonably, adequately, or properly train K-9 officers, such as **DOROUGH**, to track, apprehend, or subdue persons suspected of committing certain crimes; or

aa.      Failing to reasonably, adequately, or properly train police dogs (K-9's), such as "Yacco," to track, apprehend, or subdue persons suspected of committing certain crimes.

32.      As a proximate result of **THE CITY's** negligence, the Plaintiff, **ROBERT TRAMMEL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

10

WHEREFORE, the Plaintiff, **ROBERT TRAMMELL,** demands judgment for damages against the Defendant, **THE CITY OF JACKSONVILLE BEACH, FLORIDA,** together with the costs of this action, and respectfully demands a trial by jury on all issues so triable.

## COUNT IV - THE CITY OF JACKSONVILLE BEACH, FLORIDA

## 42 U.S.C. §1983

33.     The Plaintiff, **ROBERT TRAMMEL**, re-alleges Paragraphs 1 through 20.

34.     **THE CITY**, through the actions of **THOMASON, DOROUGH,** or other employees or agents of the Jacksonville Beach Police Department acting in the course and scope of their employment with **THE CITY**, violated the Plaintiff, **ROBERT TRAMMELL's**, clearly established rights under the Fourth and Fourteenth Amendments to the *United States Constitution* to be free from unreasonable seizure or arrest, as well as to be free from the excessive use of force in effecting a seizure or arrest, by the following:

a.     Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the use of police dogs for tracking persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

b.     Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the deployment of police dogs to apprehend persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that

reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

c.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the withdrawal of police dogs that have apprehended and subdued persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

d.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the withdrawal of police dogs that have caused or are causing severe injury to persons with whom police dogs have come into contact, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

e.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for promptly calling emergency rescue services when police dogs have caused or are causing severe injury requiring emergency medical care to persons with whom they have made contact, when it was known or should have been known to

**THE CITY** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

f.      Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to use police dog to track persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

g.      Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to deploy police dogs to apprehend persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

h.      Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to withdraw police dogs that have apprehended and subdued persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which

13

amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

i.      Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to withdraw police dogs that have caused or are causing severe injury to persons with whom police dogs have come into contact, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

j.      Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to promptly call emergency rescue services when police dogs have caused or are causing severe injury requiring emergency medical care to persons with whom they have made contact, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

k.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to track persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

l.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to apprehend persons suspected of committing certain crimes, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

m.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to withdraw from persons suspected of committing certain crimes after they have been apprehended and subdued, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department; or

n.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to withdraw from persons suspected of committing certain crimes after they have caused or are causing severe injuries, when it was known or should have been known to **THE CITY** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department.

35.      As a result of **THE CITY's** violation of his rights under the Fourth and Fourteenth Amendments to the *United States Constitution*, the Plaintiff, **ROBERT TRAMMELL's**, suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

WHEREFORE, the Plaintiff, **ROBERT TRAMMELL,** demands judgment against **THE CITY** for the following:

a.      Compensatory damages;

b.      Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c.      Pre-judgment and post-judgment interest;

d.      All such further relief, both general and specific, which this Honorable Court deems necessary and proper under the circumstances; and

e.      Trial by jury on all issues so triable.

### COUNT V - BRUCE A. THOMASON

### 42 U.S.C. §1983

36.      The Plaintiff, **ROBERT TRAMMEL**, re-alleges Paragraphs 1 through 20.

37.      **THOMASON**, in his official capacity as the Chief of Police of the Jacksonville Beach Police Department, violated the Plaintiff, **ROBERT TRAMMELL's**, clearly established rights under the Fourth and Fourteenth Amendments to the *United States Constitution* to be free from unreasonable seizure or arrest, as well as to be free from the excessive use of force in effecting a seizure or arrest, by the following:

a.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the use of police dogs for tracking persons suspected of

16

committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

b.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the deployment of police dogs to apprehend persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

c.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the withdrawal of police dogs that have apprehended and subdued persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

d.      Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for the withdrawal of police dogs that have caused or are causing severe injury to persons with whom police dogs have come into contact, when it was

17

known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

      e.    Failing to adopt reasonable and appropriate standards, procedures, guidelines, or orders for promptly calling emergency rescue services when police dogs have caused or are causing severe injury requiring emergency medical care to persons with whom they have made contact, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that reasonable and appropriate standards, procedures, guidelines, or orders needed to be adopted, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

      f.    Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to use police dog to track persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

      g.    Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to deploy police dogs to apprehend persons suspected of committing certain crimes, when it was known or should have been known

to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

h. Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to withdraw police dogs that have apprehended and subdued persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

i. Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to withdraw police dogs that have caused or are causing severe injury to persons with whom police dogs have come into contact, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

j. Failing to adequately train, supervise, correct or re-train "K-9" officers, such as the Defendant, **DOROUGH**, to promptly call emergency rescue services when police dogs have caused or are causing severe injury requiring emergency medical care to persons with whom they have made contact, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach

19

Police Department that the "K-9" officers' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

k.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to track persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

l.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to apprehend persons suspected of committing certain crimes, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department;

m.      Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to withdraw from persons suspected of committing certain crimes after they have been apprehended and subdued, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department; or

n.     Failing to adequately train, supervise, correct or re-train police dogs, such as "Yacco," to withdraw from persons suspected of committing certain crimes after they have caused or are causing severe injuries, when it was known or should have been known to **THOMASON** through the employees or agents of the Jacksonville Beach Police Department that their police dogs' training was inadequate, which amounted to a deliberate indifference to the rights of persons who come into contact with the Jacksonville Beach Police Department.

38.     As a result of **THOMASON's** violation of his rights under the Fourth and Fourteenth Amendments to the *United States Constitution*, the Plaintiff, **ROBERT TRAMMELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

WHEREFORE, the Plaintiff, **ROBERT TRAMMELL,** demands judgment against **THOMASON** in his official capacity as the Chief of Police of the Jacksonville Beach Police Department for the following:

a.     Compensatory damages;

b.     Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c.     Pre-judgment and post-judgment interest;

d.     All such further relief, both general and specific, which this Honorable Court deems necessary and proper under the circumstances; and

e.     Trial by jury on all issues so triable.

## COUNT VI - RICHARD KEITH DOROUGH

### 42 U.S.C. §1983

39.     The Plaintiff, **ROBERT TRAMMEL**, re-alleges Paragraphs 1 through 20.

40.     **DOROUGH**, individually, violated the Plaintiff, **ROBERT TRAMMELL's**, clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure or arrest, as well as to be free from the excessive use of force in effecting a seizure or arrest, by the following:

a.     Failing to ensure that the police dog "Yacco" was in fact tracking the suspect, Robert D. Dillard, and not someone unrelated to the reported crime;

b.     Failing to warn any persons who may have been at Mr. Cooper's home at 642 Aquatic Drive, Atlantic Beach, Duval County, Florida, of the presence of the police dog "Yacco";

c.     Failing to ascertain whether the person in Mr. Cooper's backyard was in fact the suspect, Robert D. Dillard, a 23-year-old African American, rather than the Plaintiff, **ROBERT TRAMMELL**, a 51-year-old Caucasian, before the police dog "Yacco" was sent in Mr. Cooper's backyard;

d.     Releasing the police dog "Yacco" into Mr. Cooper's backyard without first ascertaining that it was reasonably safe to do so such that only the suspect, Robert D. Dillard, would potentially come into contact with "Yacco";

e.     Releasing the police dog "Yacco" into Mr. Cooper's backyard without first having a legal right or basis to enter the backyard;

f.     Failing to exercise reasonable control over the police dog "Yacco" after it was released into Mr. Cooper's backyard;

22

g.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" was in contact with someone other than the suspect, Robert D. Dilllard;

h.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" had subdued the person with whom it had made contact;

i.      Failing to order the police dog "Yacco" to release the Plaintiff, **ROBERT TRAMMELL**, when it was known or should have been known that "Yacco" caused or was causing severe injury to the person with whom it had made contact;

j.      Failing to promptly call emergency rescue services when it was known or should have been known that the police dog "Yacco" caused or was causing severe injury requiring emergency medical care to the person with whom "Yacco" had made contact;

k.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the use of a police dog to track a person suspected of committing certain crimes;

l.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the deployment of a police dog to apprehend a person suspected of committing certain crimes;

m.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the withdrawal of a police dog who has apprehended and subdued a person suspected of committing certain crimes;

       n.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for the withdrawal of a police dog who has caused or is causing severe injury to the person with whom the dog has come into contact; or

       o.      Failing to follow the procedures, guidelines, or orders of the Jacksonville Beach Police Department for promptly calling emergency rescue services when a police dog has caused or is causing severe injury requiring emergency medical care to the person with whom it has made contact.

41.    **DOROUGH'S** actions and omissions were undertaken with malice, or in reckless, callous, or willful disregard for, and indifference to the Plaintiff, **ROBERT TRAMMELL's**, rights under the Fourth and Fourteenth Amendments to the *United States Constitution*.

42.    As a result of **DOROUGH's** violation of his rights under the Fourth and Fourteenth Amendments to the *United States Constitution*, the Plaintiff, **ROBERT TRAMMELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition.  These losses are either permanent or continuing, and the Plaintiff, **ROBERT TRAMMELL,** will suffer these losses in the future.

WHEREFORE, the Plaintiff, **ROBERT TRAMMELL,** demands judgment against **DOROUGH** for the following:

       a.      Compensatory damages;

       b.      Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

       c.      Pre-judgment and post-judgment interest;

      d.      All such further relief, both general and specific, which this Honorable Court deems necessary and proper under the circumstances; and

      e.      Trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to Trevor G. Hawes, Esquire, Cole, Scott & Kissane, P.A., 1805 Copeland Street, Jacksonville, Florida  32204; Jon R. Phillips, Assistant General Counsel, Office of General Counsel, City of Jacksonville, Florida, 117 West Duval Street, Suite 480, Jacksonville, Florida  32202; L. Johnny Sarber, Esquire, Marks Gray, P.A., Post Office Box 447, Jacksonville, Florida  32201-0447, and to Philip Lammens, Assistant General Counsel, Office of General Counsel, City of Jacksonville, Florida, 117 West Duval Street, Suite 480, Jacksonville, Florida  32202, by U. S. Mail this 24th day of August, 2007.

Christopher Shakib /s/
**Christopher Shakib, Esquire**
**TERRELL HOGAN ELLIS YEGELWEL, P.A.**
233 East Bay Street, 8th Floor
Jacksonville, Florida  32202
Telephone:    (904) 632-2424
Facsimile:    (904) 632-0549
Email:    shakib@terrellhogan.com
Florida Bar No. 0947865
Attorney for the Plaintiff
**Trial Counsel**